## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. MURPHY,

        Plaintiff,

    v.

UNITED STATES,

        Defendant.

No. 4:23-CV-02061

(Chief Judge Brann)

## MEMORANDUM OPINION

### AUGUST 20, 2024

Plaintiff James E. Murphy filed the instant *pro se* civil rights action following his release from custody at the Federal Correctional Institution Schuylkill (FCI Schuylkill) in Minersville, Pennsylvania. He sued multiple federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for being incarcerated beyond his release date due to a sentencing calculation dispute. He also asserted a related negligence claim against the United States under the Federal Tort Claims Act. Murphy's *Bivens* claims were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief, leaving only the United States as a defendant.

Presently pending is the United States' motion to dismiss the remaining FTCA claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court will grant

Defendant's Rule 12(b)(1) motion.

## I.      BACKGROUND

In 2022, Murphy filed a petition under 28 U.S.C. § 2241 challenging the

Bureau of Prisons' (BOP) calculation of his aggregate sentence for his multiple

criminal convictions.[1]  Murphy's sentencing calculation dispute was complex,

requiring—among other things—expert consultation from a Management Analyst

at the BOP's Designation and Sentence Computation Center in Grand Prairie,

Texas.[2]

The Court need not rehash the intricacies of Murphy's habeas challenge, as

they are fully set forth in the Honorable Sylvia H. Rambo's February 1, 2023

opinion.[3]  For purposes of the present case, it is sufficient to recount that Murphy

asserted that his aggregate sentence (following a reduction of one of his sentences

to time served) was 175 months and 2 days, while the BOP and its experts

maintained that his aggregate sentence was 196 months and 22 days.[4]  Ultimately,

after thorough review and analysis, Judge Rambo found that she was "constrained

to accept Murphy's calculations," primarily because the BOP had failed to

---

[1]   *See Murphy v. Sage*, No. 1:22-cv-0630, 2023 WL 1453153, at *1 (M.D. Pa. Feb. 1, 2023).
[2]   *See id.*, at *2.
[3]   *See id.*, at *1-2.
[4]   *See id.*

establish why its sentencing calculations were "authorized by statute, regulation, or policy."[5]

The BOP was ordered to recalculate Murphy's projected release date and, if that release date had already passed, to immediately release Murphy from its custody to begin his term of supervised release.[6]  The BOP sought reconsideration of that decision, which Judge Rambo swiftly denied.[7]  On February 6, 2023, Respondent notified the Court that Murphy had been released from BOP custody on February 3, 2023.[8]

Murphy then returned to federal court to seek civil liability (and financial compensation) for being incarcerated beyond the release date of his recalculated aggregate sentence.[9]  He sued numerous federal officials, including Warden Jessica Sage, "sentencing computation staff" member Ms. White, Northeast Regional Director N.C. English, General Counsel Ian Connors, Attorney Advisor Drew O. Inman, "unknown Grand Prairie Designation staff," "unknown Federal Bureau of Prisons sentencing computation staff," and the United States of America.[10]

Murphy alleged that his Fifth and Eighth Amendment rights were violated by the over-detention caused by the BOP's sentencing miscalculations and sought

---

5    *Id.*, at *3.
6    *See id.*
7    *See Murphy v. Sage*, No. 1:22-cv-0630, Docs. 30, 31 (M.D. Pa.).
8    *See id.*, Doc. 32.
9    *See generally* Doc. 1.
10   *See id.* at 1-3, 7-9.

monetary damages under *Bivens*.[11]  He additionally asserted that federal officials were negligent in their calculations and thus the United States was liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.[12]

The Court screened Murphy's *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed his *Bivens* claims with prejudice for failure to state a claim upon which relief may be granted.[13]  The Court permitted Murphy's FTCA claim against the United States to proceed past screening.[14]

The United States now moves to dismiss Murphy's remaining FTCA claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[15]  Although the United States asserts that it is bringing a factual attack under Rule 12(b)(1),[16] no facts or evidence outside of Murphy's pleadings are necessary to resolve the jurisdictional dispute at bar.  Indeed, neither party cites facts or evidence beyond the pleadings or the publicly available docket in Murphy's related habeas case.  Nor does Defendant challenge any fact asserted in Murphy's complaint.  Thus, Defendant's Rule 12(b)(1) motion is actually a facial attack on subject matter jurisdiction,[17] and the Court will review the motion accordingly.

---

[11]  *See id.* at 12 ¶¶ 29-30.
[12]  *See id.* at 13 ¶ 31.
[13]  *See generally* Docs. 5, 6.
[14]  *See* Doc. 5 at 11; Doc. 6 ¶¶ 3-4.
[15]  Doc. 9.
[16]  *See* Doc. 11 at 5.
[17]  *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

## II.   STANDARD OF REVIEW

A facial attack under Federal Rule of Civil Procedure 12(b)(1) for lack of

subject matter jurisdiction looks only to the plaintiff's pleadings and "does so in

the light most favorable to the plaintiff."[18]  This type of jurisdictional attack

"considers a claim on its face and asserts that it is insufficient to invoke the subject

matter jurisdiction of the court[.]"[19]  Thus, in reviewing a facial attack under Rule

12(b)(1), the court applies "the same standard of review" as it would apply to a

motion to dismiss under Rule 12(b)(6): "the court must only consider the

allegations of the complaint and documents referenced therein and attached

thereto, in the light most favorable to the plaintiff."[20]

## III.   DISCUSSION

"The FTCA offers a limited waiver of the federal government's sovereign

immunity from civil liability for negligent acts of government employees acting

within the scope of their employment."[21]  The FTCA "does not itself create a

substantive cause of action against the United States; rather, it provides a

mechanism for bringing a state law tort action against the federal government in

---

[18]  *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citation omitted).
[19]  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).
[20]  *Id.* (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).
[21]  *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).

federal court.  Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"[22]

The United States asserts a single argument in its challenge to subject matter jurisdiction.  It contends that there is no private party analogue for either a sentence miscalculation claim or a false imprisonment claim,[23] and therefore jurisdiction for Murphy's FTCA claim is lacking.  The Court finds that there are two issues embedded in this argument and will address those issues separately.

## A.    False Imprisonment

At the outset, the Court must determine the substance of Murphy's underlying state-law tort claim, as courts must look "beyond the labels" used by a claimant and instead focus on the "conduct on which the claim is based."[24]  This step is critical because the FTCA contains express exceptions to its waiver of sovereign immunity for certain torts.[25]  As is relevant here, generally no FTCA cause of action can be brought against the United States for the intentional torts of "assault, battery, *false imprisonment*, false arrest, malicious prosecution, abuse of

---

[22]   *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).
[23]   *See* Doc. 11 at 6.
[24]   *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (citations omitted); *see also Sopp v. United States*, 373 F.2d 795, 796 (3d Cir. 1966) (per curiam) (looking to plaintiff's FTCA allegations and purported harm to determine state-law cause of action and whether that tort is excepted from FTCA's waiver of sovereign immunity).
[25]   *See* 28 U.S.C. § 2680.

process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]"[26]

Although Murphy describes his tort claim as "negligence" for failing "to properly calculate [his] remaining sentence,"[27] the gravamen of his lawsuit is that multiple BOP officials caused him to remain incarcerated beyond his release date. Indeed, he contends that his incarceration for "an additional seventeen months beyond when he should have been released caused significant harm to his ability to begin rebuilding his life and a loss of income."[28]  Such an over-detention claim sounds in false imprisonment rather than simple negligence.[29]  Murphy cannot "sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence."[30]  His FTCA claim, the substance of which alleges false imprisonment (rather than negligence), is thus barred by 28 U.S.C. § 2680(h).[31]

---

[26]  *Id.* § 2680(h) (emphasis added).  Section 2680(h) contains an exception to the exception for federal "investigative or law enforcement officers," *see id.*, but that proviso does not apply in the instant case.

[27]  Doc. 16 at 5.

[28]  *Id.* at 6.

[29]  *See Adeboye v. United States*, No. 19-cv-3089, 2020 WL 5231323, at *3 (D.D.C. Sept. 1, 2020); *Edwards v. United States*, 211 F. Supp. 3d 234, 237 (D.D.C. 2016) (finding that plaintiff's FTCA claim asserting over-detention, while couched in terms of "negligence," was actually a claim for false imprisonment); *Snow-Erlin*, 470 F.3d at 808-09 (same).

[30]  *Snow-Erlin*, 470 F.3d at 809.

[31]  *See* 28 U.S.C. § 2680(h); *Vanderklok v. United States*, 868 F.3d 189, 202 (3d Cir. 2017).

## B.    Negligence

Assuming, for the sake of argument, that Murphy is actually asserting a claim of negligence, the United States posits that his over-detention claim lacks a state-law private analogue.  Murphy does not address this argument in his briefing.

The FTCA waives sovereign immunity for the United States "under circumstances where the United States, if a *private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[32]  As the Supreme Court of the United States has explained, the purpose of the FTCA was to make the United States's tort liability "the same as that of a private person under like circumstance, in accordance with the local law."[33]

Simply put, there are no circumstances like Murphy's that exist in the private sector that could constitute a state-law negligence claim.  "The authority to detain other persons and determine the length of their sentences . . . has no private analogue."[34]  Even if a private contractor were operating a municipal or state detention facility, that situation is not analogous:

---

[32]   28 U.S.C. § 1346(b)(1) (emphasis added); *United States v. Olson*, 546 U.S. 43, 45-46 (2005).
[33]   *Olson*, 546 U.S. at 47 (quoting S. REP. NO. 1400, 79th Cong., 2d Sess., at 32 (1946)).
[34]   *Adeboye*, 2020 WL 5231323, at *2 (alteration and citation omitted); *see McGowan v. United States*, 825 F.3d 118, 127 (2d Cir. 2016) (per curiam) (affirming dismissal of FTCA claim based on prisoner's unlawful remand from residential reentry center to federal prison because "[p]rivate persons cannot establish facilities to detain other persons—only the government can"); *Portillo v. United States*, No. 2:17-cv-00394, 2018 WL 523363, at *3 (D. Nev. Jan. 22, 2018); *cf. Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 84 (3d Cir. 2014) (nonprecedential) (explaining that employees of Equal Employment Opportunity Commission (EEOC) "cannot be sued under the FTCA based on alleged failures in handling a complaint,

> [W]hen private prison contractors perform governmental functions pursuant to contracts with governmental entities, they are not similarly situated to any private actor.  The private analogue inquiry asks whether "[p]rivate individuals . . . may create a relationship with third parties that is similar to the relationship between" a governmental actor and a citizen, not whether a government contractor could create such a relationship. . . .  Private persons cannot establish facilities to detain other persons—only the government can, either on its own or through a governmental contractor.  In short, there is no circumstance in state tort law that is analogous to the situation here.[35]

Murphy's negligence claim—assuming it could be construed as such—lacks a private analogue, and therefore does not fall within the scope of tort claims for which the United States has waived its sovereign immunity.  Thus, under either construction of Murphy's FTCA claim (false imprisonment or negligence), the United States has not waived sovereign immunity and therefore subject matter jurisdiction is lacking.

### C.     FTCA Administrative Exhaustion

There is another potential problem with Murphy's FTCA claim.  The FTCA requires claimants to administratively exhaust any claim before filing suit in federal court.[36]  Exhaustion of FTCA claims is jurisdictional in nature and cannot be waived.[37]  And federal courts are obligated to satisfy themselves that they have

---

as there is no private analogue to the EEOC's work in processing and investigating discrimination charges").
[35]  *McGowan*, 825 F.3d at 126-27 (citations omitted).
[36]  *See* 28 U.S.C. § 2675(a).
[37]  *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

jurisdiction before proceeding to the merits of a claim, even if neither party raises the issue.[38]

Often, when filing an FTCA lawsuit, plaintiffs will either allege—with sufficient factual detail—that they administratively exhausted their claims or they will include a copy of the federal agency's administrative denial, which indicates that the claimant may seek relief through civil litigation against the United States in federal court.  Murphy, however, has not plausibly alleged that he properly presented his FTCA claim to the BOP to administratively exhaust this claim.[39]  Nor has he provided any documentation regarding a final administrative denial of his claim or a right-to-sue letter.

Consequently, the Court harbors substantial skepticism that Murphy administratively exhausted his FTCA claim before bringing it to federal court. Nevertheless, because the Court lacks subject matter jurisdiction for the more fundamental reasons explained above, it need not make a determination on administrative exhaustion or require Murphy to establish that he properly presented his FTCA claim to the BOP before filing the instant lawsuit.

---

[38]   *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012); *GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 34 (3d Cir. 2018); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (explaining that "the court can raise *sua sponte* subject-matter jurisdiction concerns").

[39]   Murphy asserts, in conclusory fashion, that he "exhausted his administrative remedies with respect to all claims and all defendants," Doc. 1 at 12 ¶ 28, but he provides no facts or details regarding exhaustion of his FTCA claim or the BOP's determination thereon.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  This Court does not have subject matter jurisdiction to entertain Murphy's remaining FTCA claim.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge